

**Michael Lee**
Morrison & Lee LLP
mlee@morrisonlee.com
212.858.9596

November 24, 2017

**VIA ECF & EMAIL: sullivannysdchambers@nysd.uscourts.gov.**
Hon. Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

> Re: *Akilah Hughes v. Carl Benjamin a/k/a "Sargon of Akkad*, et al.,
> 17-cv-06493 (RJS)

Dear Judge Sullivan:

  This firm represents Plaintiff Akilah Hughes ("Plaintiff"). Defendant Carl Benjamin ("Defendant") is claimed to be represented by Wesley M. Mullen of Mullen P.C. To date, Mr. Mullen has not filed a notice of appearance in this case but claims to be representing Defendant.

  We write to respectfully request a pre-motion conference pursuant to Section 2(A) of Your Honor's Individual Rules and Practices in anticipation of Plaintiff's Motion to Serve Process on Defendant via Email. Defendant claims that he was improperly served in England with the Complaint but refuses to accept service or provide his home address and therefore necessitating this motion.

  On August 25, 2017, Plaintiff filed the instant action against Defendant. Plaintiff asserts claims of copyright infringement related to Defendant's unauthorized reproduction and distribution of Plaintiff's copyright work. On September 11, 2017, Defendant was served with a copy of the Complaint, Summons, Civil Cover Sheet, Copyright Office Form AO-121, ECF Filing Rules and Instructions, and Your Honor's Individual Rules and Practices via Federal Express pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii). Defendant has failed to answer or otherwise move in response to the Complaint. Therefore, on October 11, 2017, the Clerk of Court entered a Certificate of Default against Defendant (the "Certificate of Default") at Plaintiff's request. As such, pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff is entitled to default judgment. Accordingly, we prepared the Order to Show Cause and expected to file well before the Thanksgiving holiday.

  However, on November 13, 2017, I received a letter via email from Mr. Mullen (the "Letter") asserting that service on Defendant was improper. Plaintiff is only aware of one address for Defendant and served Defendant at this address which he previously identified as his own. See Complaint Exh. A. For Plaintiff to be informed that this sworn statement was not true came as a

surprise. Additionally, Mr. Mullen accused this firm of wrongful conduct in obtaining the Certificate of Default because the FedEx confirmation lacked a signature; Plaintiff expressly denies any wrongful intent in obtaining the default. Nonetheless, in the interest of providing Defendant an opportunity to appear and defend this action, we responded to the Letter and agreed to stipulate to vacate the Certificate of Default and asked if Mr. Mullen would accept service on behalf of Defendant or, in the alternative, provide a viable address for Defendant to be served at.

In response to this request, Mr. Mullen claimed that he was not authorized to accept service and refused to provide an address for Defendant to be served. Therefore, despite claiming service is insufficient, Defendant has refused to provide an alternative address and is now willfully evading service.

Instead of filing the Order to Show Cause and wasting this Court's resources if Defendant is going to oppose based on lack of proper service, Plaintiff would like to ensure that Defendant was properly served. Defendant, who is located in England, was served pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii). In doing so, Plaintiff relied on Defendant's own sworn statement in his counter-notice pursuant to the Digital Millennium Copyright Act ("DMCA") that he was residing at the address to which process was mailed. Since receipt of the Letter, we have performed additional due diligence and cannot locate an alternative address for Defendant. Plaintiff wishes to ensure that Defendant has a chance to appear and defend this action and seek permission from the Court for substitute service by e-mail under Fed. R. Civ. P. 4(f)(3) as an added layer of validation and to avoid unnecessary motion practice.

On many occasions, this District has permitted service by e-mail under Fed. R. Civ. P. 4(f)(3) in cases such as this where service is frustrated by an elusive or uncooperative foreign defendant. Further, several judges have acknowledged that the decision whether to permit alternative service under Rule 4(f)(3) is committed to the sound discretion of the Court, and that Rule 4(f)(3) is "neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 Civ. 9505, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (Carter, J.); *Sulzer Mixpac AG v. Medenstar Industries Co.,* 312 F.R.D. 329, 330 (S.D.N.Y. 2015) (Rakoff, J.); *United States v. Besneli,* No. 14 Civ. 7339 JFK, 2015 WL 4755533, at *1 (S.D.N.Y. Aug. 12, 2015) (Keenan, J.); *AMTO, LLC v. Bedford Asset Mgmt.*, No. 14 Civ. 9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015) (Karas, J.); *NYKCool A.B. v. Pac. Int'l Servs.*, 66 F.Supp.3d 385, 391 (S.D.N.Y. 2014) (Kaplan, J.), *adhered to on reconsideratio*n, No. 12 Civ. 5754 LAK, 2015 WL 998455 (S.D.N.Y. Mar. 5, 2015) (Kaplan, J.); *S.E.C. v. Anticevic*, No. 05 Civ. 6991 KMW, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) (Wood, J.); *see also Fisher v. Petr Konchalovsky Foundation*, No. 15 Civ. 9831 AJN, 2016 WL 1047394 (S.D.N.Y. Mar. 10, 2016) (Nathan, J.).

In sum, Plaintiff respectfully requests a pre-motion conference in order to ensure compliance with due process and the most efficient use of Your Honor's time. Thank you for your consideration.

Respectfully Submitted,

**MORRISON & LEE LLP**

By: _____
Michael Lee (WL 6353)

cc: Wesley H. Mullen (non-appearing attorney via email)