

**Michael Lee**
Morrison & Lee LLP
mlee@morrisonlee.com
212.858.9596

December 5, 2017

**VIA ECF & EMAIL: sullivannysdchambers@nysd.uscourts.gov**
Hon. Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

> Re: *Akilah Hughes v. Carl Benjamin a/k/a "Sargon of Akkad*, et al.,
> 17-cv-06493 (RJS)

Dear Judge Sullivan:

    This firm represents Plaintiff Akilah Hughes ("Plaintiff"). Defendant Carl Benjamin ("Defendant") is claimed to be represented by Wesley M. Mullen of Mullen P.C, but he has failed to make an appearance.

    Defendant, despite being served with process at what he claims in a sworn statement was his address, now claims that it is not his address, refuses to provide a new address, and refuses to accept service via his representative. Due to this willful evasion of service, Plaintiff is forced to make this motion to request that she be given permission to serve the overseas Defendant via email. There is no doubt that the email address provided by Defendant is his email address, and he will receive proper notice of this action.

**RELEVANT FACTUAL AND PROCEDURIAL BACKGROUND**

    On August 25, 2017, Plaintiff filed the instant action against Defendant. On September 11, 2017, Defendant, a resident of England, was served with a copy of the Complaint, Summons, Civil Cover Sheet, Copyright Office Form AO-121, ECF Filing Rules and Instructions, and Your Honor's Individual Rules and Practices (the "Pleadings") via Federal Express at an address provided by Defendant to Plaintiff in a Digital Millennium Copyright Act counter-notification dated November 22, 2016 (the "Counter-Notification"). Defendant has failed to answer or otherwise move in response to the Complaint. Therefore, on October 11, 2017, the Clerk of Court entered a Certificate of Default against Defendant (the "Certificate of Default") at Plaintiff's request. As such, pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff is entitled to default judgment.

    However, on November 13, 2017, Plaintiff's counsel received a letter via email from Mr. Mullen (the "Letter") asserting that service on Defendant was improper. *See* Declaration of



Michael Lee in Support of Plaintiff's Letter Motion for Service of Process Via Email ("Lee Dec.") at ¶ 6. Plaintiff is only aware of the one address for Defendant provided in the Counter-Notification and served Defendant at this address. *See* Complaint, Exh. A; *see also* Lee Dec. at ¶¶ 4-5. The Counter-Notification was provided to YouTube and was a document sworn under oath as to the accuracy of the contents therein. For Plaintiff to be informed that this sworn statement was not true came as a surprise, especially considering in the Counter-Notification which provided the address, Defendant expressly agreed to accept service of process from Plaintiff. *See* Complaint, Exh. A.

Nonetheless, in the interest of providing Defendant an opportunity to appear and defend this action, Plaintiff's counsel responded to the Letter and agreed to stipulate to vacate the Certificate of Default and asked if Mr. Mullen would accept service on behalf of Defendant or provide a viable address for Defendant to be served at. Lee Dec. at ¶ 7. In response to this request, Mr. Mullen claimed that he was not authorized to accept service and refused to provide an alternative address for Defendant to be served. *Id.*

Despite claiming service is insufficient, Defendant has refused to provide an alternative address and is now willfully evading service. Therefore, Plaintiff wishes to ensure that Defendant has a chance to appear and defend this action and, accordingly, moves this Court for alternative service by email under Fed. R. Civ. P. 4(f)(3).

## ARGUMENT

Since Defendant has knowingly provided a false address on a sworn statement and since receipt of the Letter, Plaintiff has performed additional due diligence and cannot locate an alternative address for Defendant. Lee Dec. at ¶ 5. Plaintiff respectfully requests permission to serve Defendant via email.

This District has well-settled law approving service of process via email upon foreign defendants. In *AMTO, LLC v. Bedford Asset Mgmt, LLC*, the court held that plaintiff's service of process upon the foreign defendant via email afforded the foreign defendant sufficient due process. No. 14-cv-9913, 2015 WL 3457452, at *10 (S.D.N.Y. June 1, 2015). In granting the plaintiff's motion for service via email, the court held that the constitutional demands of due process were satisfied because the defendant had used the proposed email address for business purposes and that the defendant had recently accessed his business email account and thus was likely to be adequately notified of the pending litigation by service via email *Id.* at *8-10.

"The decision whether to allow alternative methods of service process under Rule 4(f)(3) is committed to the sound discretion of the district court." *AMTO*, 2015 WL 3457452, at *4, citing *In GLC Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012). Here, in light of Defendant's willful evasion of process, the court should exercise its discretion.

In order for email service to be proper the *AMTO* court discussed two factors that need to be adhered to. First, "the only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04–CV–9641, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005). Second, "[t]he proposed means of service must ... comport with constitutional notions of due process," *id.*,

"which require 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,' *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria,* 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (quoting *Luessenhop v. Clinton County,* 466 F.3d 259, 269 (2d Cir. 2006)); *see also NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F.Supp.3d 385, 391 (S.D.N.Y. 2014) *adhered to on reconsideration*, No. 12-CV-5754 LAK, 2015 WL 998455 (S.D.N.Y. Mar. 5, 2015).

First, service is proper via email on an individual located in the United Kingdom. Service by email in England is not prohibited by international agreement. *See, e.g. Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2-3 (N.D. Cal. Apr. 17, 2007) (holding that service by email in England is not prohibited by international agreement and authorizing plaintiff to serve defendant, a resident of England, by email); *AMTO*, 2015 WL 3457452, at *2 (noting third-party defendant was served process via email pursuant to court order in English courts in a separate, unrelated matter). As service of process via email to a resident of England is not prohibited by international agreement, this Court may, in its discretion, authorize service upon the Defendant by email pursuant to Rule 4(f)(3).

Second, service via email comports with the requirements of sufficient due process. In reaching their conclusion that plaintiff's service via email upon a foreign defendant comported with due process, the *AMTO* court stated that "[s]ervice by e-mail is appropriate under Rule 4(f)(3) in some circumstances… [and][a]s a general matter, 'in those cases where service by email has been judicially approved, the movant supplied the [c]ourt with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address.'" *AMTO*, 2015 WL 3457452, at *8, citing *NYKCool*, 66 F.Supp.3d at 391; *see also Federal Trade Commission v. Pecon Software Ltd.*, No. 12-CV-7186 PAE, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013). Elaborating further, the *AMTO* court noted that adequate service via email under Rule 4(f)(3) has been repeatedly found by federal courts in "…cases [that] involved email addresses undisputedly connected to the defendants and that the defendants used for business purposes." *AMTO*, 2015 WL 3457452, at *8, citing *Ehrenfeld,* 2005 WL 696769 at *3. As stated, *supra*, the *AMTO* court also weighed how recently the foreign defendant had accessed his business email account. *AMTO*, 2015 WL 3457452, at *9. In *AMTO,* the foreign defendant's email account proposed for service was shown to have been accessed within a month of the court's ruling on the plaintiff's Rule 4(f)(3) motion. *Id.* However, there the court noted that in this District, service by email has been permitted where the plaintiff demonstrated that the defendant had "used his email address as recently as last year." *Id.*, citing *S.E.C. v. Lines,* No. 07-CV-11387, 2009 WL 2431976, at *2 (S.D.N.Y. Aug. 7, 2009).

Here, there is no doubt that Defendant will receive notice of this correspondence via email. Defendant's intotheaether@hotmail.co.uk email is his confirmed email address that he uses to conduct business. Defendant identifies intotheaether@hotmail.co.uk on his YouTube channel's "About" page and in YouTube video descriptions as an email address through which donations can be made using PayPal to support his channel. *See* Lee Dec. at ¶ 8 and Exh. A. Additionally, Defendant has engaged in direct communication with Plaintiff from the same address, intotheaether@hotmail.co.uk, as recently as November 2016 when the events giving rise to the instant action transpired. *See* Declaration of Akilah Hughes in Support of Plaintiff's Letter Motion

for Service of Process Via Email ("Hughes Dec") at ¶¶ 3-4 and Exh. A. There is no doubt that this is Defendant's proper email address.

## CONCLUSION

Defendant is willfully evading service and left Plaintiff with no other option but to serve process via email. For the aforementioned reasons, Plaintiff submits that service of process upon Defendant via email at intotheaether@hotmail.co.uk is reasonably calculated to provide the Defendant with adequate notice of the instant proceedings and afford him an opportunity to present his objections.

Therefore, Plaintiff requests Your Honor's permission for service on Defendant with the Pleadings accordingly.

Thank you for your consideration.

Respectfully Submitted,

**MORRISON & LEE LLP**

By: _____
Michael Lee (WL 6353)