**WESLEY M. MULLEN**                                             **MULLEN P.C.**
THE METLIFE BUILDING
200 PARK AVENUE | SUITE 1700
NEW YORK, NY 10166

December 7, 2017

Hon. Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007

sullivannysdchambers@nysd.uscourts.gov

VIA CM/ECF AND EMAIL

      Re:   Hughes v. Benjamin, No. 17 CV 6493 (RJS)

Your Honor,

I represent Defendant Carl Benjamin in the captioned matter.  I write in response to Plaintiff's letter motion for an order permitting service by alternative means.  (ECF Doc. No. 12.)

Mr. Benjamin is not "willfully evading" service.  Plaintiff has simply failed properly to serve him as required by Rule 4.

My client is a U.K. citizen resident in the U.K. who is not subject to personal jurisdiction before this Court.  He has no interest in assisting Plaintiff in abusing U.S. Copyright law for the wrongful purpose of political retaliation.  (Complaint (ECF Doc. No. 1) at ¶ 3 (describing Defendant as an "outspoken" political opponent of Plaintiff); id. (describing the alleged copyright infringement as "an attempt to discredit [Plaintiff] and her political positions."))

I so advised counsel for Plaintiff in correspondence that preceded Plaintiff's letter motion.  (See Exhs. A, B).  Those letters also set forth the basis for Defendant's anticipated motions to dismiss and for fees under the Copyright Act.  (Id.)

My client would agree to a Rule 4(d)(1) request to waive service directed to the undersigned.  See Rule 4(d)(5) ("Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.")

Respectfully,

*/s/ Wesley M. Mullen*
Wesley M. Mullen

cc:   Mr. Michael Lee, Esq. (via email to mlee@morrisonlee.com)

WMULLEN@MULLENPC.COM | (646) 632-3718

EXHIBIT A

WESLEY M. MULLEN                                   MULLEN P.C.
                                                THE METLIFE BUILDING
                                          200 PARK AVENUE | SUITE 1700
                                               NEW YORK, NY 10166


                                                   November 13, 2017

Michael Lee
Morrison & Lee LLP
1745 Broadway, 17th Floor
New York, NY 10106

mlee@morrisonlee.com

VIA EMAIL ONLY

        Re:   Hughes v. Benjamin, No. 17 CV 6493 (RJS)

Mr. Lee,

I am U.S. litigation counsel to Mr. Carl Benjamin, a U.K. citizen resident in the U.K.  My client is a defendant in the captioned action filed by Akilah Hughes.

Ms. Hughes's lawsuit is an obvious attempt at viewpoint-based political retaliation; its claims are meritless based on Plaintiff's own admissions; the Court lacks jurisdiction over my client; your purported service of process is invalid; and an affirmation you filed with the Court contains material false statements.  I write to advise that if you or your client elect to proceed with this action, mine will seek sanctions against client and counsel, as well as attorney fees and costs.

                            * * *

The Complaint is a transparently abusive reprisal against opinions that differ from Plaintiff's own.  By its terms, the Complaint targets an outspoken political opponent.  See Complaint (ECF Doc. No. 1) at ¶ 3 ("Defendants, particularly Benjamin, have been habitually outspoken against many of the political positions for which Hughes campaigns.")

The pretextual claims of copyright infringement are utterly defeated by Plaintiff's admission that the act of purported copyright infringement was "an attempt to discredit [Plaintiff] and her political positions … ."  Id.  The Complaint describes classic transformative use, in the form of political speech.

Our courts and our Constitution disfavor actions brought for the purpose of chilling political speech.  See U.S. Const. amend. I; Fed. R. Civ. P. 11(b)(1).  The Copyright Act expressly allows defendants in abusive actions to recover attorney fees and costs. 17 U.S.C. § 505.

                            * * *

Notwithstanding the action's failures on the merits, Mr. Benjamin is not subject to personal jurisdiction in the United States.  He

owns no property in New York; he has no investments here; and he lacks sufficient contacts with New York to allow him to be haled before our courts.  Engaging in political speech in Europe does not render the foreign speaker subject to personal jurisdiction in New York.  And in any event, the Complaint alleges no facts that would permit the Court to draw a different conclusion.  See Complaint (ECF Doc. No. 1) at ¶ 6 (alleging conclusion that "Defendants are subject to the Court's jurisdiction because they have committed the acts complained of herein in this District and do business in this District"); cf. id. ¶ 10 (alleging that Benjamin is a British citizen residing in the U.K.).

Even if Mr. Benjamin were subject to the in personam jurisdiction of the Court, there has been no valid service of process.  Mr. Benjamin does not reside at the address to which you directed the Clerk to send process by FedEx.  (ECF Doc. No. 7.)  Mr. Benjamin therefore has not been served.  If he had, the attempt at service would still be invalid because the mailing did not require a "signed receipt," Fed. R. Civ. P. 4(f)(2)(c), and because it has not been proved by "a receipt signed by the addressee," Fed. R. Civ. P. 4(l); Dev. Specialists, Inc. v Li, No. 16 CV 8237 (KMK), 2017 U.S. Dist. LEXIS 74135 at *36-37 (S.D.N.Y. May 10, 2017) (finding mailing without signature confirmation insufficient to effect service of process under Rule 4(f)(2)); see FedEx Confirmation (attached) ("NO SIGNATURE REQUIRED").

Paragraph 4 of your affirmation filed October 4, 2017, (ECF Doc. No. 8-1) represents to the Court and to the Clerk that Mr. Benjamin has been properly served.  In light of the foregoing, that sworn statement is inarguably false.  I demand that you so inform the Court.

I also caution you that if you elect to pursue further attempts at service of process upon my client, they must follow mandatory procedures under the Hague Convention for Service Abroad. Volkswagenwerk AG v. Schlunk, 486 U.S. 694, 699 (1988).

* * *

Kindly let me know by Thanksgiving whether you intend to proceed. If required to appear, my client will seek attorney fees, costs, and sanctions as permitted under the Copyright Act, under Rule 11, and otherwise.

Regards,

Wesley M. Mullen

encl.

WMULLEN@MULLENPC.COM | (646) 632-3718



November 2, 2017

Dear Customer:

The following is the proof-of-delivery for tracking number **810833269760**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Residence |
| **Signed for by:** | Signature release on file | **Delivery location:** | SWINDON |
| **Service type:** | FedEx International Priority | **Delivery date:** | Sep 11, 2017 09:56 |
| **Special Handling:** | Deliver Weekday | | |
| | Residential Delivery | | |

NO SIGNATURE REQUIRED
Proof-of-delivery details appear below; however, no signature is available for this FedEx Express shipment because a signature was not required.

## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 810833269760 | **Ship date:** | Sep 7, 2017 |
| | | **Weight:** | 1.0 lbs/0.5 kg |

| **Recipient:** | **Shipper:** |
|---|---|
| SWINDON GB | NEW YORK, NY US |

Thank you for choosing FedEx.

EXHIBIT B

**WESLEY M. MULLEN**                                         **MULLEN P.C.**
                                                           THE METLIFE BUILDING
                                                   200 PARK AVENUE | SUITE 1700
                                                             NEW YORK, NY 10166


                                                               November 20, 2017

Michael Lee
Morrison & Lee LLP
1745 Broadway, 17th Floor
New York, NY 10106

mlee@morrisonlee.com

<u>VIA EMAIL ONLY</u>

      Re:   <u>Hughes v. Benjamin</u>, No. 17 CV 6493 (RJS)

Mr. Lee,

Thank you for your email of November 14.

I am not authorized to accept service.  I am not authorized to assist you in remedying other failures to comply with applicable rules of procedure.  Please send me a copy of the DMCA counter-notification to which you refer.

There will be no need to stipulate to vacate the Clerk's default.  In support of Plaintiff's request for a certificate of default, you affirmed that Mr. Benjamin was served pursuant to the provisions of Fed. R. Civ. P. 4(f)(2)(c)(ii).  (ECF Doc. No. 8-1 at ¶ 4.)  The statement is false, as I informed you in my letter of November 13.  The statement is false because Mr. Benjamin has not been served.  He has not been served because he does not reside at the address you provided to Clerk; and because the method of mailing did not comport with the Rule's requirement of a signed receipt.  The statement is material because without such statement the Clerk would not have issued a certificate of default.  Your duty of candor to the tribunal obligates to you correct the record without my client's involvement.  N.Y. Rule of Professional Conduct 3.3(a)(1).

My client's offer to settle this SLAPP suit is as follows:

*[FRE 408 — redacted]*

I refer you again to the portion of my prior letter setting forth the basis for our intent to seek fees, costs and sanctions.  Please copy me promptly on any paper you file with the Court.

Regards,

*/s/ Wesley M. Mullen*
Wesley M. Mullen


                                           WMULLEN@MULLENPC.COM | (646) 632-3718