**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————

AKILAH HUGHES,

                    Plaintiff,

    -against-                                                      Civ. Action No. 17-cv-6493 (RJS)

CARL BENJAMIN,
a/k/a Sargon of Akkad, et al.,

                    Defendants.

————————————————————————

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>

Kristin Grant (KG0303)
Grant Attorneys at Law PLLC
211 East 43rd Street, 7th Floor
New York, NY 10017
T: 212-520-7881
F: 212-520-7883
kgrant@grantipattorneys.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT**…………………………………………………………1

**STATEMENT OF FACTS**……………………………………………………….....................2

**STANDARD OF REVIEW**…………………………………………………….....3

**ARGUMENT**………………………………………………………………………….3

**I.     The Complaint Adequately Alleges a Claim for Copyright Infringement**…………......3

    A.  <u>The Plaintiff has pleaded sufficient facts to survive a motion to dismiss</u>……………..3

    B.  <u>The Record Does Not Clearly Establish Defendant's Entitlement to Fair Use</u>………6

       1.  Purpose and Character of the Use……………………………………………6

       2.  Nature of the Copyrighted Work……………………………………………9

       3.  Amount and Substantiality of the Use…………………………………………...10

       4.  Effect of the Use Upon the Potential Market ……………………………………11

**II.    The Complaint Adequately Alleges a Claim for DMCA Misrepresentation**………11

**CONCLUSION**…………………………………………………………….................12

## I.  <u>TABLE OF AUTHORITIES</u>

**CASES**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 555 (2007)……………………………………………………....…3, 12

*Campbell v. Acuff–Rose Music, Inc.*,
510 U.S. 569 (1994)……………………………………………………….…6,7,10

*Cariou v. Prince*,
714 F.3d 694 (2d Cir. 2013)……………………………………………………..6,7, 8

*Castle Rock Entm't v. Carol Publ'g Grp*., Inc
150 F.3d 132 (2d Cir. 1998)……………………………………………....…4,10

*Foldom v. March*,
9 F. Cas. 342, 344 -45 (C.C.D. Mass 1841)……………………………………….…7

*Folio Impressions, Inc. v. Byer California*,
752 F. Supp. 583, 585 (S.D.N.Y. 1990), aff'd, 937 F.2d 759 (2nd Cir. 1991)…………………....4

*Harper & Row Publishers, Inc. v. Nation Enterprises*,
471 U.S. 539 (1985)………………………………………………………………..10

*Hosseinzadeh v. Klein*,
276 F.Supp.3d 34 (SDNY 2017)…………………………………………………….8

*Iowa State Univ Research Fond, Inc. v. Am. Broad. Cos*.,
621 F.2d 57 (2d Cir. 1980)………………………………………………………….6

*Island Software & Computer Serv. v. Microsoft Corp.*,
413 F.3d 257 (2d Cir. 2005)…………………………………………………………4

*Jorgaensen v. Epic/Sony*,
351 F.3d 46, (2d Cit. 2003)…………………………………………………………4

*LaChapelle v. Fenty*,
812 F.Supp.2d 434, 438 (S.D.N.Y. 2011)……………………………………...…………3, 4

*McDowell v. N. Shore-Long Island Jewish Health Sys., Inc.*,
839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012)……………………………………3,11

*Monster Communications, Inc. v. Turner Broadcasting Systems Inc.*
935 F. Supp 490, 494-495 (SDNY 1996)……………………………………………10

*Pani v. Empire Blue Cross Blue Shield*,
152 F.3d 67, 75 (2d Cir. 1998)……………………………………………………..4

*Penguin Random House LLC v. Colting*,
270 F.Supp.3d 736,750 (SDNY 2017)…………………………………………………7

*Quaker Oats Co. v. Mel Appel Enterprises, Inc.*,
703 F. Supp. 1054, 1058 (S.D.N.Y. 1989)……………………………..………………4

*Shropshire v. Canning*,
809 F.Supp.2d 1139 (N.D.Cal 2011)……………………………………………………11

*Stewart v Abend,*
495 US 207 (1990)……………………………………………………………………10

*TCA Television Corp. v. McCollum*,
839 F.3d 168 (2d Cir. 2016)…………………………………………………………5,10

*Twin Peaks Productions, Inc. v. Publications Intern., Ltd.*
 996 F. 2d 1376 (2d Cir. 1993)………………………………………………………7

*Wright v. Warner Books, Inc.,*
953 F.2d 731, 735 (2d Cir.1991)……………………………………………………..5

**SATUTUES AND RULES**

17 U.S.C. §106……………………………………………………………………11

17 U.S.C. §107 ………………………………………………………………passim

17 U.S.C. 410(c)……………………………………………………………………4

17 U.S.C. §512(f)……………………………………………………….…...2, 11

Fed. R. Civ. P. 12(b)(6)………………………………………………………passim

U.S. Constitution, Article 1, Section 8 …………………………………………..6

## PRELIMINARY STATEMENT

In this action for copyright infringement, Plaintiff Akilah Hughes ("Plaintiff" or "Hughes") is a content creator with a substantial online following. Hughes created and published an original video essay on YouTube providing her monologue and footage of the 2017 election night at Hillary Clinton's presidential watch party. Defendant Carl Benjamin ("Defendant" or "Hughes"), is also a content creator with a substantial online following. Benjamin copied and abridged the Plaintiff's original work and reuploaded the re-titled copy onto the internet without Plaintiff's consent.

On August 25, 2017, Plaintiff commenced this action in the United States District Court for the Southern District of New York for copyright infringement and DMCA misrepresentation. Defendant contents that this action should be dismissed because the Complaint (Dkt.no. 1) ("Compl."), as originally filed fails to state a claim for copyright infringement. Specifically, Defendant claims that the Complaint and any documents incorporated by reference clearly establish that the Defendant's use was fair use. Defendant also contents that the complaint fails to state a cause of action for DMCA misappropriation.

Defendant's arguments fail on the basis that (1) the Complaint adequately provides fair notice of the Plaintiff's copyright claim; (2) a fair use determination is premature because questions of fact still exist; and (3) the Complaint adequately provide fair notice of the Plaintiff's DMCA misrepresentation claim. For these reasons, as further described herein, Defendant's motion should be denied.

## STATEMENT OF FACTS

Plaintiff is a popular internet personality and content creator who publishes video content on her YouTube channel "Akilah Obviously." (Compl. ¶ 12). On the night of the 2017 presidential election, Plaintiff captured footage from Hillary Clinton's presidential watch party and used that footage to create an original video essay which incorporated snippets of the footage along with Plaintiff's monologue. The resulting video was a 9 minute and 50 second original work entitled "We Thought She Would Win" (the "Original Work").

Defendant is a popular internet personality who publishes video content on his YouTube channel "Sargon of Akkad." Defendant created a 1 minute and 28 second video containing clips of the Original Work entitled "SJW Levels of Awareness" ("Secondary Work"). The Secondary Work comprised only of snippets of the monologue portions of the Original Work (Mullen Decl. Exhibits A, B, C, D). Defendant also posted a copy of the Secondary Work on his Twitter feed. (Compl. ¶ 28).

Pursuant to §512 of the Digital Millennium Copyright Act ("DMCA"), Plaintiff submitted a takedown notice to YouTube on the basis of copyright infringement. (Compl. 21, 24). In response to Plaintiff's takedown notice, YouTube disabled access to the Secondary Work. Defendant submitted a counter-notification to YouTube claiming that the work is "satire" and "intended for parody" (Compl. Ex. A).

Plaintiff commenced this action in the United States District Court for the Southern District of New York for copyright infringement and DMCA misrepresentation. Defendant moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b) (6),. Plaintiff now submits its opposition to Defendant's motion to dismiss.

.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the non-moving party, a court finds that the non-moving party has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will survive a 12(b)(6) motion if it states plausible grounds for entitlement to the relief sought above a speculative level. *Id.* at 556. The issue before the Court is not whether the Plaintiff "will ultimately prevail but whether the [Plaintiff] is entitled to offer evidence in support of the claims." *McDowell v. N. Shore-Long Island Jewish Health Sys., Inc*., 839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012) (citing to *Todd v. Exxon Corp*., 275 F.3d 191, 198 (2d Cir.2001)). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted addresses the sufficiency of the pleading, rather than the merits of a claim. *Id.*

As set forth in detail below, the Plaintiff has met the required standard, well within the meaning of the case law, thus warranting denial of defendant's motion in its entirety.

## ARGUMENT

### I. The Complaint Adequately Alleges a Claim for Copyright Infringement

#### A. The Plaintiff has alleged sufficient facts to survive a motion to dismiss

This District has held that in order for a copyright infringement claim to survive a motion to dismiss, a plaintiff with a valid copyright must allege that (1) defendant has copied the plaintiff's work, and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's work. *LaChapelle v. Fenty,* 812

3

F.Supp.2d 434, 438 (S.D.N.Y. 2011).

Here, the Plaintiff has adequately alleged these facts. The Plaintiff received a US Copyright Registration for the work.[1] A prima facie case of copyright ownership is made by providing proof of a copyright registration which carries with it a presumption of validity and ownership. 17 U.S.C. 410(c); *Folio Impressions, Inc. v. Byer California*, 752 F. Supp. 583, 585 (S.D.N.Y. 1990), aff'd, 937 F.2d 759 (2nd Cir. 1991); *Quaker Oats Co. v. Mel Appel Enterprises, Inc.*, 703 F. Supp. 1054, 1058 (S.D.N.Y. 1989).

The Plaintiff has also adequately alleged that the Defendant has copied Plaintiff's work. The Complaint alleges "similarities which are probative of copying." *Castle Rock Entm't v. Carol Publ'g Grp., Inc.,* F.3d 132, 137 (2d Cir. 1998); *Jorgaensen v. Epic/Sony*, 351 F.3d 46, 54057 (2d Cit. 2003). Specifically, the Complaint alleges that "Defendant[] copied and uploaded wholesale reproductions of Hughes' original content onto the internet." (Compl. ¶ 3).  The Complaint also alleges that the Secondary Work is a "bare, retitled compilation of clips of the Copyrighted Work. Defendant[] include[s] no original content in the Infringing Work." (Compl. ¶ 21). Thus, the Plaintiff has made a plausible showing of copying.

Lastly, Plaintiff has adequately alleged that the copying was illegal because a substantial similarity exists between Defendant's work and the protectable elements of Plaintiff's work.

---

[1] In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. The court may also consider a document that is not incorporated by reference, "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *See LaChapelle* at 439 (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir.2006)). A court may also consider matters of public record such as federal copyright registrations. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998). *See also, Island Software & Computer Serv. v. Microsoft Corp.*,413 F.3d 257, 261 (2d Cir. 2005).

Specifically, the Complaint alleges that "Defendant[] copied and uploaded wholesale reproductions of Hughes' original content onto the internet." (Compl. ¶ 3).  The Complaint also alleges that the Secondary Work is a "bare, retitled compilation of clips of the Copyrighted Work. Defendant[] include[s] no original content in the Infringing Work" (Compl. ¶ 21), and that "Defendant[] merely downloaded, copied, and re-uploaded substantial portions of the Copyrighted Work."

The Plaintiff has provided fair notice in its complaint that it is the owner of a valid copyright, that Defendant copied the Plaintiff's work, and the copying was illegal because a substantial similarity exists between the Defendant's work and the protectable portions of the Plaintiff's work. Thus, the Plaintiff has pled sufficient facts to survive a motion to dismiss its claim for copyright infringement.

### B.   The Record Does Not Clearly Establish Defendant's Entitlement to Fair Use

While this District has acknowledged that fair use may be decided on a motion to dismiss where a Complaint clearly establishes facts sufficient to evaluate each of the statutory factors, here, the Complaint and supporting documents which are incorporated by reference do not clearly establish Defendant's entitlement to a fair use defense. See *TCA Television Corp. v. McCollum*, 839 F.3d 168, 178 (2d Cir. 2016).

The Second Circuit has explained that the "fact-driven nature of the fair use determination suggests that a district court should be cautious in granting [dismissal in advance of trial] in this area." *See Wright v. Warner Books, Inc.,* 953 F.2d 731, 735 (2d Cir.1991). Where, as here, factual questions remain, a fair use determination would be inappropriate.

5

Section 107 of the Copyright Act provides that the use of a copyrighted work "for purposes such as criticism, comment, news reporting, teaching ... scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. In determining whether the use made of a work is fair use, courts consider the following four factors: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the proportion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. *Id.*

The Supreme Court has instructed that these factors should be viewed collectively by weighing the results in light of the purposes of copyright. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994). U.S. Constitution, Article 1, Section 8 provides that the purpose of copyright law is to "promote the progress of the sciences and useful arts", Copyright Law is an attempt to balance public interest with the rights of the individual. The fair use doctrine "permits courts to avoid rigid application of the copyright statue when, on occasion, it would stifle the very creativity which that law is designed to foster." *Iowa State Univ Research Fond, Inc. v. Am. Broad. Cos.*, 621 F.2d 57, 20 (2d Cir. 1980). Viewing the four fair use factors in light of the purpose of copyright law, weighs against a finding of fair use for the Defendant.

1.     <u>Purpose and character of the Use</u>

The first factor focuses on whether the infringing work is transformative, that is, whether it "adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message." *Cariou v. Prince,* 714 F.3d 694, 705 (2d Cir. 2013)  (quoting *Campbell,* 510 U.S. at 579). The Defendant posits that the Secondary Work is a

satire of the Original Work. (Compl. ¶ 28). Defendant states that the Plaintiff admits that the

Secondary Work provides criticism and commentary, and as such is fair use, through statements

in the Complaint identifying the Secondary Work as "an attempt to discredit [Plaintiff] and her

political positions" (Defendant's Memorandum (Dkt.no. 31) ("Def. Memo.") ¶ 15). However, the

Second Circuit has stated that in assessing whether a work is in fact transformative "[w]hat is

critical is how the work in question appears to the reasonable observer, not simply what an

[author] might say about a particular piece or body of work." *Cariou*, 714 F.3d at 707 ; *Campbell*

510 U.S. at 582. (The threshold question when fair use is raised in defense is whether a

transformative character may reasonably be perceived not whether the author of the secondary

work labels it as such). Thus, the issue of transformation should not be decided by labels by the

author of a Secondary Work or assumptions of the owner of the Original Work.

  Further, the Defendant "copied and uploaded" a "bare, retitled compilation of clips of the

[Original Work] without adding any original content. (Compl. ¶¶ 3, 21). Mere abridgements are

not protected under the fair use doctrine even in cases where there is a "real, substantial

condensation of the materials, and intellectual labor and judgement bestowed thereon, and not

merely the facile use of the scissors." *Foldom v. March*, 9 F. Cas. 342, 344 -45 (C.C.D. Mass

1841). Abridgements are generally considered to be derivative works. *Twin Peaks Productions,*

*Inc. v. Publications Intern., Ltd*. 996 F. 2d 1376 (2d Cir. 1993).

  The Defendant argues that the use of the title "SJW – Levels of Awareness" is considered

criticism or commentary (Def. Memo. Page 14). It is well resolved that "[w]orks of criticism and

commentary provide the sort of new insights and understandings that are the sine qua non of

transformative use" *Penguin Random House LLC v. Colting*, 270 F.Supp.3d 736,750 (SDNY

2017). "Fair use, however, is not a jacket to be worn over an otherwise infringing outfit. One

cannot add a bit of commentary to convert an unauthorized derivative work into a protectable publication." *Id*. at 751.

Defendant claims that the purpose of his use is satire (Def. Memo. Page 17) however, again, the question is not what Defendant intends or what labels the Defendant provides, "it is how the work in question appears to the reasonable observer." *Cariou*, 714 F.3d at 707. In watching Defendant's video it is not blatantly clear that such is the case.

The Defendant cites *Hosseinzadeh v. Klein*, 276 F.Supp.3d 34 (SDNY 2017) in attempt to draw a parallel to the instant case. (Def. Memo. ¶ 15). In *Hosseinzadah* the court found fair use in favor of the Defendant who created a YouTube video consisting of the Defendant's "criticism and commentary **interwoven with clips** from the [Plaintiff's] video. *Id*. (emphasis added). It is important to note that in *Hosseinzadah* the Defendant's video contained numerous instances of criticism and commentary a few of which are identified below:

- "Ethan Klein remarks that the Bold Guy 'comes from ... an older day of YouTube,' and refers to plaintiff as 'the king of cringetube.'

- Ethan Klein mocks the video's opening title sequence and mimics the movement of the words by performing a dance in his seat.

- After watching what they apparently consider a lewd and unrealistic opening sequence, defendants point out that plaintiff wrote the script, and Ethan Klein remarks "this is how Matt Hoss sees the world and it says more about him than it does about anyone else."

- Defendants sarcastically compliment the "sleeveless hoodie" that Bold Guy wears, calling it "one of the classiest ... pieces of clothing you can own."

- Defendants mock the fact that plaintiff included a line in the script complimenting his own "strong shoulders."

8

- Hila Klein expresses irritation with the female character, stating "the female characters [in Bold Guy videos] are always so annoying, and he writes them like that."

- Defendants engage in extended criticism and mockery of the female character's statement "catch me and I'll let you do whatever you want to me."

- Defendants mock plaintiff's parkour ability, sarcastically stating that plaintiff "thinks he's ... a parkour expert."

- Ethan Klein criticizes a scene in which Bold Guy rapidly moves from one location to another, stating that the scene "broke [the] realism" of the video." *Id.*

In contrast, in the instant case the Defendant has not provided any commentary or criticism throughout the video but rather merely combined various clips from Plaintiff's video and published the Secondary Work with a different title; A title which, without further research, the meaning may be difficult to ascertain. The mere fact that Plaintiff is aware of such meaning as stated in the Complaint (Compl. ¶ 20) is not the correct test. The test is what a reasonable person would perceive when viewing the Secondary Work. Whether the title "SJW Levels of Awareness" would be considered, by a reasonable viewer, to be commentary or criticism, leaves a question of fact that should not be decided prematurely on a motion to dismiss. The record provides no such evidence and therefore everything necessary to determine fair use in not properly considered on Defendant's motion.

In summary, the Defendant created an abridgement of the Plaintiff's work adding only a different title; a title for which, there remain questions of fact as to whether a reasonable viewer would perceive the title as adding new meaning to the Original Work.

2.    Nature of the Copyrighted Work

The second factor focuses on the nature of the copyrighted work. Creative works are

given more robust protection than non-fictional works. *Stewart v Abend,* 495 US 207, 237-238 (1990). The Defendant posits that the Plaintiff's work is "largely factual and informational, interspersed with commentary" and therefore providing more leeway for a finding of fair use. (Def. Memo. Page 18). While the original work contains footage of a political event, none of the clips used by the Defendant included the footage of the event. The Defendant used only clips of the Plaintiff's monologue where she was providing her emotions, commentary, and opinions which are in essence her creative expression. *See Monster Communications, Inc. v. Turner Broadcasting Systems Inc*. 935 F. Supp 490, 494-495 (SDNY 1996). This factor weighs in favor of the plaintiff.

       3.      Amount and Substantiality of the Use

The Third factor considers the "amount and substantiality of the portion [of the copyrighted work] used in relation to the copyrighted work as a whole." 17 U.S.C. § 107(3). This requires consideration of "not only 'the quantity of the materials used' but also 'their quality and importance.'" *TCA Television Corp. v. McCollum,* 839 F.3d 168, 185 (2d Cir. 2016) (quoting *Campbell*, 510 U.S. at 587). Plaintiff's work is based on her viewpoint of the "unforgettable" election night (Compl. ¶ 2). Defendant notes the length of Defendant's video in comparison to the Plaintiff's video. (Def Memo. Page 19). Defendant created a 1 minute and 28 second abridgement of Plaintiff's 9 minute and 50 second Original Work. The heart of Plaintiff's work being her monologue with footage interspersed throughout. Defendant's secondary work consisted only of clips of Plaintiff's monologue. Defendant copied the heart of the Original Work. "If a challenged work appropriates what amounts to 'the heart' of an original work, even if only in a few words, then such an appropriation is substantial for purposes of the fair use inquiry. See *Castle Rock Entm't,* 955 F. Supp at 269 (citing Harper & Row Publishers, Inc. v.

Nation Enterprises, 471 U.S. 539, 565 (1985).

      4.      Effect of the Use Upon the Potential Market

This factor looks at the effect of the use upon the potential market for or value of the copyrighted work." 17 USC 107 (4). When assessing this factor, there is no requirement that the Defendant's intent be to take credit for plaintiff's work. The question is whether the Secondary Work "adversely affects the value of any of the rights" in the Original Work. One of the rights granted to copyright owners under the US Copyright Act is the exclusive right to create derivative works. 17 USC 106. The Secondary Work, being a mere abridgement of the Original Work, is a derivative work. Defendant's use has impinged on Plaintiff exclusive rights to create derivative works. Thus, this factor weighs in favor of the Plaintiff.


**II.      The Complaint Adequately Alleges a Claim for DMCA Misrepresentation**

      Defendant states that the Complaint fails to plead an actionable misrepresentation under 17 USC 512 (f). (Def. Memo. Page 23). However, on a 12(b)(6) motion we are not determining the merits of the case but rather whether the Complaint pleads sufficient facts to provide fair notice of the claim. *McDowell v. N. Shore-Long Island Jewish Health Sys., Inc*., 839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012) (citing to *Todd v. Exxon Corp*., 275 F.3d 191, 198 (2d Cir.2001)). 17 USC 512 (f) provides that "[a]ny person who makes a willful misrepresentation in a DMCA counter-notice may be liable for damages to an injured copyright owner, if, as a result of the service provider relying upon such misrepresentation, the misrepresentation causes injury to the copyright owner." *Shropshire v. Canning*, 809 F.Supp.2d 1139, 1147-1148 (N.D.Cal 2011). Plaintiff has adequately alleged that "Defendant[] knew that the publication of the [Secondary] Work was an infringement", and "Defendant[] knowingly and materially

misrepresented that the use of the [Original Work] was" fair use, that Plaintiff has "been injured by such representation as YouTube…relied on the misrepresentation to reinstate…the [Secondary] Work." (Compl. ¶¶ 56- 59). Plaintiff has adequately alleged a knowing and material misrepresentation which resulted in the reinstatement of the Secondary Work causing injury to the Plaintiff. Thus, the Complaint states plausible grounds for entitlement to the relief sought above a speculative level and Defendant's motion to dismiss under 12(b)(6) should be denied. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## CONCLUSION

Plaintiff has met the standard for sufficiently pleading copyright infringement and DMCA misrepresentation in accordance with the well-established case law. Issues of fact remain as to whether Defendant's mere addition of a title to an abridgement of the Plaintiff's work constitutes fair use.

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss the Complaint under Rule 12(b)(6).

Dated: May 18, 2018                                   Respectfully submitted,
New York, New York

 

 

Kristin Grant (KG0303)
Grant Attorneys at Law PLLC
211 East 43rd Street, 7th Floor
New York, NY 10017
T: 212-520-7881
F: 212-520-7883
kgrant@grantipattorneys.com

*Attorneys for Plaintiff*

12