UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKILAH HUGHES,

                Plaintiff

        v.                       17 CV 6493 (RJS)

CARL BENJAMIN,
a/k/a Sargon of Akkad, *et al.*,

                Defendants.

## DECLARATION OF WESLEY M. MULLEN

Wesley M. Mullen, Esq., pursuant to 28 U.S.C. § 1746, declares as follows:

    1.    By and through the entity incorporated as Mullen P.C., I am counsel to Defendant Carl Benjamin in this case. I submit this declaration in support of Defendant's motion for an award of attorney's fees and costs.

### I.    PLAINTIFF'S CLAIMS WERE OBJECTIVELY UNREASONABLE

    2.    Shortly after I was retained as counsel for Mr. Benjamin, and before I entered an appearance in this case, I wrote to Plaintiff's counsel to explain my client's view that Plaintiff's claims were meritless. Attached hereto as **Exhibit A** is a true and correct copy of a letter I sent to Plaintiff's initial counsel, Michael Lee, Esq., on or about November 13, 2017, advising that "[t]he Complaint describes classic transformative use, in the form of political speech." (Ex. A at 1.) In the letter, I warned that the Copyright Act "allows defendants in abusive actions to recover attorney fees and costs," citing 17 U.S.C. § 505. *Id.*

    3.    Attached hereto as **Exhibit B** is a true and correct copy of the transcript of the initial pretrial conference in this action on March 9, 2018.

4.  On April 10, 2018, Plaintiff's counsel Kristin Grant, Esq. informed me by telephone that Plaintiff would settle her claims against Defendant in exchange for a payment of $46,000.00. I immediately communicated Plaintiff's settlement offer to my client in an email.

## II.  PLAINTIFF'S MOTIVATIONS ARE IMPROPER

5.  Below is a true and correct screenshot of two tweets made on December 23, 2018 from Plaintiff's twitter account, @AkilahObviously, which are available at https://twitter.com/AkilahObviously/status/1076889103281602561 (last accessed Feb. 17, 2020):



6.     Below is a true and correct screenshot of a tweet made on June 6, 2019 from Plaintiff's twitter account, @AkilahObviously, which is available at https://twitter.com/AkilahObviously/status/1136688074983915521 (last accessed Feb. 17, 2020):



[*Continued on following page*]

7. Below is a true and correct screenshot of Plaintiff's website, http://itsakilahobviously.com, in which is embedded a post from Plaintiff's Tumblr account (@smoothiefreak) dated July 27, 2019 (available at https://itsakilahobviously.com/page/3 (last accessed Feb. 17, 2020)):



[*Continued on following page*]

8.      Below is a true and correct screenshot of a tweet made on December 8, 2016 from Plaintiff's twitter account, @AkilahObviously, which is available at https://twitter.com/AkilahObviously/status/806732215824486400 (last accessed Feb. 17, 2020):



[*Continued on following page*]

9.  Below is a true and correct screenshot of a tweet made on October 28, 2018 from Plaintiff's twitter account, @AkilahObviously, which is available at https://twitter.com/AkilahObviously/status/1056670241521131521 (last accessed Feb. 17, 2020):



[*Continued on following page*]

10. Below is a true and correct screenshot of a tweet made on February 12, 2019 from Plaintiff's twitter account, @AkilahObviously, which is available at https://twitter.com/AkilahObviously/status/1095543707477123077 (last accessed Feb. 17, 2020):



[*Continued on following page*]

11. Below is a true and correct screenshot of a pinned tweet made on September 24, 2019 from Plaintiff's twitter account, @AkilahObviously, which is available at https://twitter.com/AkilahObviously/status/1176497864475910146 (last accessed Feb. 17, 2020):



### III.   THE REQUESTED AWARD IS REASONABLE

12. I am an experienced litigator and the principal attorney in my Firm, which I formed in 2016 after years of practice in the New York offices of international law firms. I graduated Harvard Law School in 2007, was admitted to practice in New York in January 2008, and have been actively and continuously engaged in the practice of law in state and federal courts (and other fora) in New York and nationwide.

13. I am admitted to practice in the State of New York, in the United States Court of Appeals for the Second Circuit, and in the United States District Courts Southern and Eastern Districts of New York.

14. My practice includes a wide range of complex commercial matters, with substantial time devoted to intellectual property cases like this one.

15. I served as lead counsel to Defendant in this action. My time was primarily spent formulating case strategy, reviewing work product prepared by other Mullen P.C. attorneys and staff, drafting Defendant's definitive motion papers, and generally overseeing the progress of the case.

16. I bill Defendant at the discounted rate of $450 per hour for time spent on this matter, pursuant to a written engagement letter. Between December 2017 and August 2019 I spent 57.5 hours on the case. Taking into account discounts and write-offs, my effective hourly rate was $446.09.

17. Attached as **Exhibit C** hereto are detailed invoices, redacted for privilege and privacy, which invoices were rendered to and paid by Defendant for legal services performed in defense of this action.

18. Other attorneys and staff affiliated with my firm also worked on this matter:

    A. *Patrick Oh.* Mr. Oh, an experienced litigator, was of counsel to Mullen P.C. in 2018. Mr. Oh received his J.D. from Columbia Law School in 2006 and was admitted to practice in New York in 2007. His time on this case was billed at the rate of $300 per hour. Mr. Oh was responsible for initial research and drafting of Defendant's motion to dismiss. In

        March 2019, Mr. Oh spent 16.5 hours on the case. His effective hourly rate was $300 per hour.

   B.   *Spencer K. Pearlman.* Mr. Pearlman, a 2017 graduate of the Benjamin N. Cardozo School of Law, was a non-attorney law clerk with Mullen P.C. from 2017 through 2019. His time on this case was billed at the rate of $100 per hour. Under the supervision of admitted attorneys, Mr. Pearlman performed substantive legal research on this matter, as well as administrative tasks. Between May 2018 and August 2019, Mr. Pearlman spent 43.4 hours on the case. Taking into account discounts and write-offs, Mr. Pearlman's effective hourly rate was $36.41 per hour.

   C.   *Johnny Nguyen.* Mr. Nguyen, a student at the Benjamin N. Cardozo School of Law, has been a non-attorney law clerk with Mullen P.C. since 2019. His time on this case is billed at the rate of $85 per hour. Under the supervision of admitted attorneys, Mr. Nguyen performed substantive legal research on this matter, as well as administrative tasks. In June and July of 2019, Mr. Nguyen spent 17.2 hours on the case. Taking into account discounts and write-offs, Mr. Nguyen's effective hourly rate was $60.04 per hour.

19.   I certify that my rates, the rates of attorneys and non-attorney staff with Mullen P.C., the amounts charged to Defendant, and the time entries reflected in the invoices annexed as Exhibit C (and summarized in the table at page 12 of the Memorandum of Law) are accurate and reasonable.

20. Attached as **Exhibit D** is a paid invoice for a transcript of the March 9, 2018 conference in this action.

Dated: February 18, 2020
       New York, New York

                                                                     */s/ Wesley M. Mullen*
                                                                    WESLEY M. MULLEN