UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

AKILAH HUGHES,

                              Plaintiff,

   -against-                              Civ. Action No. 17-cv-6493 (RJS)

CARL BENJAMIN,
a/k/a Sargon of Akkad, et al.,

                              Defendants.
_____

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS

Kristin Grant (KG0303)
Grant Attorneys at Law PLLC
40 Exchange Pl, Suite 1306
New York, NY 10005
T: 212-520-7881
F: 212-520-7883
kgrant@grantipattorneys.com

*Attorneys for Plaintiff*

# I. **TABLE OF AUTHORITIES**

**CASES**

*Campbell v. Acuff-Rose Music, Inc.*
510 U.S. 569 (1995)..………………………………………………………………......…3

*Fogerty v. Fantasy, Inc.*
510 U.S. 517 (1994).…………………………………………………………………......2,4

*Kirtsaeng v. John Wiley & Sons, Inc.*
136 S. Ct. 1979 (2016)…………..……………………………………………...…..…...2,3

*National Football League v. PrimeTime 24 Joint Venture*
131 F.Supp.2d 458 (S.D.N.Y. 2011))…………………………………….……..…….……4

**SATUTUES AND RULES**

17 U.S.C. §505………………………………………………………………………………….2

Fed. R. Civ. P. 54(d)………………………………………………………………….………...2

Plaintiff submits this memorandum of law in opposition to Defendant's motion for attorney's fees and costs under 17 U.S.C. §505 and Fed. R. Civ. P. 54(d).

## SUMMARY OF THE CASE

Plaintiff is a popular internet personality and content creator who publishes video content on her YouTube channel "Akilah Obviously." (Compl. ¶ 12). On the night of the 2016 presidential election, Plaintiff captured footage from Hillary Clinton's presidential watch party and used that footage to create an original video essay which incorporated snippets of the footage along with Plaintiff's monologue. The resulting video was a 9 minute and 50 second original work entitled "We Thought She Would Win" (the "Original Work").

Defendant is a popular internet personality who publishes video content on his YouTube channel "Sargon of Akkad." Defendant created a 1 minute and 28 second video containing clips of the Original Work entitled "SJW Levels of Awareness" ("Secondary Work").

Prior to commencing this lawsuit, Plaintiff submitted a takedown notice to YouTube requesting removal of the Secondary Work. (Compl. ¶ 3). Thereafter, Plaintiff and Defendant engaged in a number of email exchanges debating whether the creation of the Secondary Work was in fact fair use. (Hughes Decl. Ex. A). In response to Plaintiff's takedown notice, YouTube disabled access to the Secondary Work. Defendant submitted a counter-notification to YouTube claiming that the work is "satire" and "intended for parody" (Compl. Ex. A).

Upon the guidance of Plaintiff's former counsel, Plaintiff commenced the present lawsuit on August 25, 2017 (ECF Doc. 1). Subsequent to an initial conference held on March 9, 2018 where Plaintiff was represented by new counsel, Plaintiff submitted an initial settlement offer to the Defendant. No counteroffer or attempts to resolve the matter were made by Defendant. (Grant

1

Decl. ¶ 3) Instead, Defendant filed a motion to dismiss, which was granted ECF Doc. Nos. 30 - 39). Defendant moved for an award of attorney's fees and costs. Plaintiff now submits its opposition to Defendant's motion.

## STANDARD

Section 505 of the Copyright Act grants the Court discretion to award a prevailing party in a copyright infringement action reasonable attorney's fees and costs. 17 U.S.C. §505. Attorneys' fees and costs should not be awarded as a matter of course, but rather, a court must make a more particularized, case-by-case assessment. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). In making an attorneys' fee determination a number of nonexclusive factors should be considered. *Id*. Of those factors, objective reasonableness is afforded substantial weight. However, the ultimate inquiry is whether such an award furthers "the large objectives" of the Copyright Act. *Kirtsaeng v. John Wiley & Sons, Inc*., 136 S. Ct. 1979, 1982 (2016) (citing *Independent Federation of Flight Attendants v. Zipes,* 491 U.S. 754, 759 (1989)).

## ARGUMENT

**An Award of Attorney's Fees and Costs to Defendant Would Not Further the Large Objectives of the Copyright Act**

A. Plaintiff's Litigation Conduct Was Reasonable and Her Motivations Were in Good Faith

While an award of attorneys' fees and costs adds to the reward for a victory, it also enhances the penalty for a defeat. *Kirtsaeng*, 136 S. Ct. at 1982. In cases where a good faith claim has been brought and lost, an award of attorneys' fees may repress the purpose of the Copyright Act. This is especially true in the application of doctrines that are not clear cut but

require a case by case analysis[1] – in these instances it is difficult for a party to confidently know whether they will win or lose. *Id*.

Plaintiff commenced this action for copyright infringement with a good faith belief that Defendant's copying and uploading of "wholesale reproductions…of [plaintiffs'] original content" and adding a title was insufficient to amount to fair use. (Compl. ¶ 3 & Hughes Decl. Ex. A). Plaintiff's motivations were clear – she believed that the Secondary Work was an infringement and that fair use did not apply (Hughes Decl. Ex. A). This was her sole motivation for commencing this action. It is also clear that any heat of the moment banter between Plaintiff and Defendant (Mullens Decl. Pgs. 3-7) is irrelevant to her motivations for commencing this action and to the present motion before us.

Plaintiff litigated her claims reasonably. Prior to the filing of Defendant's motion to dismiss, Plaintiff sought to settle this matter by providing Defendant with an initial settlement offer while remaining open to settlement discussions (Grant Decl. ¶ 3). Plaintiff made a reasonable attempt to resolve the litigation in its early stages. Defendant chose not to counteroffer or attempt to engage in any discussion whatsoever and instead, filed a motion to dismiss ten days after receipt of Plaintiff's initial settlement offer. (Grant Decl. ¶ 3).

B. <u>Defendant Has Already Been Adequately Compensated</u>

Defendant raised money to fund the defense of this lawsuit via a GoFundMe

---

[1] There is no justification in law or fact for maintaining that *any* comment or criticism whatsoever on a work is presumptively fair. Whether a use is fair "requires case-by-case analysis rather than bright-line rules. The statutory examples of permissible uses provide only general guidance. The four statutory factors are to be explored and weighed together in light of copyright's purpose of promoting science and the arts." *Campbell v. Acuff-Rose Music, Inc*. 510 U.S. 569 (1995).

Campaign (Grant Decl. Ex. A). Defendant raised £95,158 for his defense. *Id*. This is approximately equal to $121,911.39 USD. Defendant incurred attorney's fees and costs totaling $33,545.89 USD plus approximately $5,000 USD for the present motion (Def. Mem. for Attorney's Fees Pgs. 11-12 (ECF Doc. 42)). After deducting Defendant's attorney's fees and costs from his total Gofundme earnings, Defendant earned a surplus of approximately $83,365.50 USD. Defendant has already been adequately compensated.  See *National Football League v. PrimeTime 24 Joint Venture*, 131 F.Supp.2d 458, 485 (S.D.N.Y. 2011). An award of attorney's fees and costs to Defendant would be unjust.

    C.  <u>An award of Attorney's Fees Would Not Increase the Deterrent Effect</u>

 "There is no precise rule or formula for making [attorneys' fees] determinations, but instead equitable discretion should be exercised" and courts "must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Fogerty*, 510 U.S. at 534 n. 19. An award of attorney's fees is justified in particular circumstances to advance considerations of compensation and deterrence. *Id*. This is not one of those particular circumstances. "Considerations of deterrence may support an award of attorneys' fees to the prevailing party where none of the other relevant factors justify denying such an award." *National Football League v. PrimeTime 24 Joint Venture*, 131 F.Supp.2d 458, 484 (S.D.N.Y. 2011). As evidenced above, the other relevant factors do not support an award of attorney's fees. The Plaintiff's motivations were in good faith and she litigated the case reasonably.

    Notwithstanding the above, the Defendant's success and his Gofundme earnings have furthered the purpose of the Copyright Act and an award of attorney's fees and costs would not add to the existing deterrent effect. *Id*. at 485. Plaintiff has faced widespread public criticism as a

result of losing this lawsuit. (Hughes Decl. Ex. B). Thus, an award of attorney's fees will only be additional, and unjust, punishment for a good faith attempt to enforce her rights.

## CONCLUSION

Plaintiff commenced this action in good faith and litigated her claims reasonably with attempts to resolve this lawsuit in its early stages. Further, Defendant has already been adequately compensated and an additional award would add no further deterrent effect. As such, Plaintiff respectfully requests that the Court exercise its equitable discretion in denying Defendant's motion for an award of attorneys' fees and costs.

Dated: March 4, 2020  
New York, New York

Respectfully submitted,

Kristin Grant (KG0303)  
Grant Attorneys at Law PLLC  
40 Exchange Pl, Suite 1306  
New York, NY 10005  
T: 212-520-7881  
kgrant@grantipattorneys.com

*Attorneys for Plaintiff*