**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AKILAH HUGHES,

                          Plaintiff

          v.                                                    17 CV 6493 (RJS)

CARL BENJAMIN,
a/k/a Sargon of Akkad, *et al.*,

                          Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**SARGON OF AKKAD'S MOTION FOR ATTORNEY'S FEES AND COSTS**

        Defendant respectfully submits this reply memorandum of law in support of his

motion for attorney fees and costs under 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d).

**I.      Plaintiff's Objective Unreasonableness Calls For Fees**

        Plaintiff's claims were objectively unreasonable because "the fair use defense clearly

applies based on the face of [the] Complaint." (Op. at 9.) Objective unreasonableness carries

"substantial weight" when awarding fees under Section 505 of the Copyright Act. *Kirtsaeng*

*v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1983 (2016).

        The opposition responds that Plaintiff sued "upon the guidance of [her] former

counsel," (Pl's Mem. of Law (ECF Doc. 45) (cited as "Mot. Opp.") at 1), and with a

subjective "good faith belief" that her claims had merit, (*id.* at 3). Those arguments are

misplaced because *Fogerty* and *Kirtsaeng* prescribe an objective test, not a subjective one.

*E.g.*, *Mallery v. NBC Universal, Inc.*, 07 Civ. 2250 (DLC), 2008 U.S. Dist. LEXIS 20893, at *5

(S.D.N.Y. Mar. 18, 2008) (finding that where copyright claims are objectively unreasonable,

"plaintiffs' professed subjective belief to the contrary is … entitled to no weight"); *Little v.*

*Twentieth Century-Fox Film Corp.*, No. 89 Civ. 8526 (DLC), 1996 U.S. Dist. LEXIS 454, at *7 (Jan. 18, 1996) (awarding fees under Section 505 because "[e]ven if pursued in subjective good faith by the plaintiffs, the claim … was objectively unreasonable."). Thus, even accepting the argument that Plaintiff's claims and conduct were nonfrivolous and taken in good faith, (*see* Fed. R. Civ. P. 11(b)), a finding of objective unreasonableness is still appropriate. *See Fortgang v. Pereiras Architects Ubiquitous LLC*, CV-16-3754 (ADS) (AYS), 2018 U.S. Dist. LEXIS 40359, at *41 (E.D.N.Y. Mar. 9, 2018) ("A claim that is not frivolous may still be objectively unreasonable.") (citation omitted); *Screenlife Entm't v. Tower Video*, 868 F. Supp. 47, 52 (S.D.N.Y. 1994) ("[F]rivolousness is not a prerequisite to an award [under § 505]").

The opposition also argues that Plaintiff should not pay because fair use ordinarily "requires case-by-case analysis." (Mot. Opp. at 3 n.1 (citing *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1995).) That weighs in favor of fees, not against them. Fair use is a close, factual call in plenty of cases. But in the exceptional case — like this one — where "it is clear from the face of [the] Complaint that [a defendant] copied … for the transformative purposes of criticism and commentary," (Op. at 6), pursuit of an infringement claim is unreasonable, speech-chilling, and contrary to the purposes of the Copyright Act.

Finally, the opposition claims that Plaintiff "litigated … reasonably" because she offered to settle her claims for $46,000 ten days before Defendant's motion to dismiss was due. (Mot. Opp. at 3.) It makes no effort to justify a $46,000 price tag on claims that the Court warned were likely to be dismissed. (*See* Mot. at 5 (citing 3/9/18 Hr'g Tr.).) And the assertion that Defendant made "no … attempts to resolve the matter" is unfaithful to the record. (Mot. Opp. at 1 (citing Grant Decl. ¶ 3); *id.* at 3.) Defendant made early efforts to

settle, (Mullen Decl. Ex. A (ECF Doc. 43-1) (Nov. 13, 2017 Ltr.)), and promised to seek

fees when Plaintiff ignored him.

## II.    Plaintiff's Improper Motivations Merit Fees

Plaintiff's motivations were improper because she used the lawsuit to silence

criticism, (Mot. at 7-9), for self-promotion, (*id.* at 9-10), and to leverage a settlement of

meritless claims, (*id* at 10). Years of public taunts prove Plaintiff's purposes. (*Id.* at 7-11.)

The opposition hardly denies it. Instead, citing no authority, it asserts that Plaintiff's

conduct is "irrelevant." (Mot. Opp. at 3.) To the contrary, "circumstantial evidence that [a]

copyright claim was not brought because of its inherent merit" is properly considered on a

motion for fees under Section 505. *Fortgang*, 2018 U.S. Dist. LEXIS 40359, at *41 (citing

*Torah Soft Ltd. v. Drosnin*, 00 Civ. 5650 (JCF), 2001 U.S. Dist. LEXIS 19217, at *15

(S.D.N.Y. Nov. 27, 2001)).

The opposition also attempts to minimize Plaintiff's conduct as "heat of the moment

banter between Plaintiff and Defendant … ." (Opp. at 3.) That rings hollow because

Plaintiff has been caught up in the "heat of the moment" for the better part of two years.[1]

Nor was it "banter between" the parties: Plaintiff's performance was a one-woman show.

While she hyped this lawsuit on social media, Defendant ploddingly litigated his defense

before the Court.

---

[1] *See, e.g.*, Plaintiff's August 2017 video announcing the lawsuit, (Mot. at 9 (*citing* Akilah Hughes (Akilah Obviously), *Fair Use Lawsuits, Sargon Ain't h3h3* ("I don't care, they're not my kids … .")) *and* Plaintiff's December 2018 taunts, (Mot. at 10 ("[L]et's bankrupt this asshole")).

### III.    Interests of Compensation and Deterrence Support Fees

When an action is objectively unreasonable, the interest of "compensation is compelling." *Gordon v. McGinley*, No. 11 Civ. 1001 (RJS), 2013 U.S. Dist. LEXIS 49794, at *12 (S.D.N.Y. Mar. 28, 2013). That compelling interest endures even where a prevailing party "raised money to fund the defense" of an objectively unreasonable claim by a publicity-seeking Plaintiff. (*See* Mot. Opp. at 3-4.) The opposition argues that Section 505 should not apply because Sargon "earned a surplus" after Plaintiff sued him. (*Id.* at 4.) But it offers no reason fees should be reduced by collateral source payments. Its sole case highlights how compensation is served by awarding fees to prevailing copyright defendants who, like Sargon, are not entitled to compensatory damages. *Cf. NFL v. Primetime 24 Joint Venture*, 131 F. Supp. 2d 458, 485 (S.D.N.Y. 2001) (declining to award fees where plaintiff was "appropriately compensated by" a $2.5 million "damage award [that] serves as sufficient deterrence."). In sum, adopting the opposition's logic would arbitrarily relieve unreasonable, improperly-motivated actors of accountability based on third-party conduct.

The opposition argues, in effect, that Plaintiff has so dearly suffered by way of "widespread public criticism" that an award of fees will have no further deterrent effect. (*Id.* at 4-5.) But the criticism is not punishment — it is an earned result of Plaintiff's unreasonable conduct. Financial deterrence is still warranted. And it is especially warranted here, where one of Plaintiff's motivations was publicity. *See Fortgang*, 2018 U.S. Dist. LEXIS 40359, at *41 (awarding fees against a publicity-seeking copyright plaintiff "driven by vanity and a desire to harass the Defendants."). It is entirely conceivable that the "widespread … criticism" Plaintiff claims to have borne as a result of her lawsuit will redound to her financial benefit in the form of likes, subscriptions, followers, and royalties.

In any event, Plaintiff does not claim inability to pay. Because the opposition does not aver that Plaintiff lacks resources, or argue a disparity in the parties' financial circumstances, a reduction in the award of fees would be inappropriate. *Harrell v. Van Der Plas*, 08 Civ. 8252 (GEL), 2009 U.S. Dist. LEXIS 104828, at *23-24 (S.D.N.Y. Nov. 9, 2009) ("[F]ailure to provide … financial information prevents the Court from exercising its discretion to reduce the … fee award"); *see also Sara Designs v. A Classic Time Watch Co.*, No. 16 CV 3638-LTS, 2018 U.S. Dist. LEXIS 100066, at *10 (S.D.N.Y. Jun. 13, 2018) (declining to reduce fees under Section 505 where Plaintiff offered only "vague and conclusory" declarations of inability to pay).

## IV.    The Requested Award is Reasonable

Defendant seeks $33,545.89 in fees and costs, (Mot. at 11-12), plus $5,000 for the costs of this motion.[2] Plaintiff does not contest reasonableness. The request is consistent with comparable awards to prevailing defendants. *E.g.*, *Pickett v. Migos Touring, Inc.*, No. 1:18-cv-09775 (AT) (SDA), 2020 U.S. Dist. LEXIS 33154, at *20 (S.D.N.Y. Feb. 25, 2020) (recommending an award of $450,591.60 to copyright defendants who prevailed on a motion to dismiss); *Amanze v. Adeyemi*, 18 Civ. 8808 (NRB), 2019 U.S. Dist. LEXIS 198018, at *10 (S.D.N.Y. Nov. 13, 2019) (awarding $41,794.36 to copyright defendants who prevailed on a motion to dismiss); *Fortgang*, 2018 U.S. Dist. LEXIS 40359, at *45 (recommending an award of $101,840.00 to copyright defendants who prevailed on a motion to dismiss). The amount should be awarded in full.

---

[2] Exhibit A to the Reply Declaration of Wesley M. Mullen is a copy of an invoice showing that Defendant paid $5,366.00 for legal services rendered from February 3, 2020 through February 19, 2020. The invoiced amount includes a discount of $1,192.50 applied to time spent on this motion. (*Id.* (line item for 2/18/20).)

## CONCLUSION

For the reasons stated, Defendant respectfully requests that the Court award

$38,545.89 in costs and attorney fees pursuant to 17 U.S.C. § 505.

DATED:      March 11, 2020
            New York, New York

                                        MULLEN P.C.

                                        _____
                                        Wesley M. Mullen (WM1212)
                                        Mullen P.C.
                                        200 Park Avenue, Suite 1700
                                        New York, NY 10166
                                        (646) 632-3718
                                        wmullen@mullenpc.com

                                        *Counsel for Defendant*