WESLEY M. MULLEN                                        MULLEN P.C.
                                                   THE METLIFE BUILDING
                                              200 PARK AVENUE | SUITE 1700
                                                    NEW YORK, NY 10166

                                                                June 11, 2020

Hon. Richard J. Sullivan
United States Circuit Judge (sitting by designation)
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

sullivannysdchambers@nysd.uscourts.gov

VIA CM/ECF AND EMAIL

        Re:     Hughes v. Benjamin, No. 17 CV 6493 (RJS)

Your Honor,

I represent Defendant Carl Benjamin in the captioned copyright action. Mr. Benjamin's motion for an award of attorney's fees and costs under 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d), (ECF Doc. No. 41), is fully submitted.

I write briefly to apprise the Court of new developments that justify granting the requested relief.

**A.    SUMMARY OF THE MOTION**

The Court dismissed with prejudice Plaintiff's meritless copyright claims. (ECF Doc. 39.) Defendant's motion seeks "a reasonable attorney's fee" to the "prevailing party" under the Copyright Act. 17 U.S.C. § 505. (Mem. of Law (ECF Doc. 42) ("Mot.").)

The requested award is especially warranted in this case because — among other things — Plaintiff's improper motives are contrary to the purposes of copyright. (Mot. at 6.) Plaintiff sued not because of the inherent merit of her claims, but out of a conspicuous desire to silence Defendant's criticism, (id. at 7-8), while promoting her own YouTube channel, book, and personal celebrity, (id. at 9-10).

The opposition contends, incorrectly, that motive is irrelevant. (Opp. (ECF Doc. 45) at 3; cf. Reply at 3 (collecting cases).) It also characterizes Plaintiff's use of the lawsuit for publicity as mere "heat of the moment banter … ." (Opp. at 3.)

**B.    RELEVANT NEW DEVELOPMENTS**

Plaintiff continues to flog this lawsuit to her fans. Her recent conduct further demonstrates improper motive, and it further justifies the requested award.

On June 3, 2020, Plaintiff tweeted to her hundreds of thousands of followers that "[t]he guy I sued for reuploading my content" — *i.e.*, Defendant Mr. Benjamin — "made rape threats … ."[1] (The allegation is false.) The same tweet publishes portions of what Plaintiff describes as her "email to [YouTube]" arguing that YouTube should ban Defendant's content because Defendant has opinions that Plaintiff considers offensive. (*Id.*)

In another tweet published the same day, Plaintiff claims she "had to sue" Mr. Benjamin but "lost the case" because "YouTube … won't take a stand."[2] An embedded email from Plaintiff to YouTube argues that "YouTube is *fully* complicit in the moment we are in … " because YouTube "thinks [Defendant's content] should stay up." (*Id.* (emphasis in original).)

These tweets are yet more evidence of Plaintiff's misuse of this lawsuit for publicity, (Mot. at 9-10), and as part of her effort to de-platform Mr. Benjamin, (*id.* at 7-9). They also refute the Opposition's attempt to minimize Plaintiff's conduct as an inconsequential mistake made in the "heat of the moment."

**C.   CONCLUSION**

Plaintiff continues to brandish this lawsuit as a weapon in her attack on an ideological opponent that she sued for ideological reasons.

Plaintiff continues to hawk the case in a social-media-celebrity advertisement aimed at her fans and followers.

Plaintiff's conduct of this litigation is contrary to the Copyright Act's purpose of "enriching the … public through access to creative works." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1986 (2016). Directly contrary:  Plaintiff is attempting to use copyright for the improper purpose of *silencing* critical speech.

The Court dismissed Plaintiff's strategic claims. Mr. Benjamin's defense was efficient but not costless. (Mot. at 11-12 (fee summary).) For the reasons stated, the Court should grant the motion and award to Defendant a reasonable fee.

Respectfully submitted,

Wesley M. Mullen

Cc:   Kristin Grant, Esq. (via CM/ECF and email)

---

[1] *See* Akilah Hughes (@AkilahObviously), Twitter (June 3, 2020, 4:51 PM), https://twitter.com/AkilahObviously/status/1268284161019666433 (last accessed June 11, 2020) (archived image available from counsel's file upon request).

[2] Akilah Hughes (@AkilahObviously), Twitter (June 3, 2020, 4:22 PM), https://twitter.com/AkilahObviously/status/1268276810111807488  (last accessed June 11, 2020) (archived image available from counsel's file upon request).

WMULLEN@MULLENPC.COM | (646) 632-3718