

40 EXCHANGE PL, SUITE 1306
NEW YORK, NY 10005
T: 212-520-7881 | F: 212-520-7883

June 24, 2020

**<u>Via ECF and Email</u>**
Honorable Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007
sullivannysdchambers@nysd.uscourts.gov

      **Re:**     **<u>Hughes v. Benjamin, Civil Action No. 17-cv-6493 (RJS)</u>**

Dear Judge Sullivan:

I represent the Plaintiff Akilah Hughes in the above-referenced action. Before this Court is Defendant's motion for an award of attorney's fees and costs pursuant to 17 U.S.C. §505 and Fed. R. Civ. P. 54(d) (ECF Doc. 41), which was fully briefed as of March 11, 2020. On June 11, 2020 Defendant submitted a sur-reply entitled "Supplemental Letter" (ECF Doc. 50) in an attempt to add additional facts and arguments to the record. Plaintiff respectfully moves this Court for an Order striking from the record and consideration of this Court, Defendant's unauthorized sur-reply. In the alternative, Plaintiff requests leave to submit a reply to the Supplemental Letter.

Pursuant to Section 2B of Your Honor's Individual Rules and Practices, sur-replies "will not be accepted without prior permission of the Court." Defendant's sur-reply was submitted without prior permission from the Court and therefore should not be accepted.

The Second Circuit has held that in certain circumstances it is appropriate to supplement the record to support prior points and rebut the opposition where the additional evidence submitted is uncontested by the other party. See, e.g., *Bayway Refining Co. v. Oxygenated Marketing & Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000) (finding no abuse of discretion for district court's admission of evidence on reply that was unsurprising to, and then factually uncontested by the opposing party). In the present case, Plaintiff contests certain allegations contained in the Supplemental Letter and posits that if such allegations will be considered by the Court, she should be given the opportunity to submit a reply.

For the foregoing reasons, the Court should strike the Supplemental Letter from the record and from its consideration, or in the alternative, grant Plaintiff leave to submit a reply.

Dated:      June 24, 2020            Respectfully submitted,
            New York, New York



_____
Kristin Grant
Grant Attorneys at Law PLLC
40 Exchange Place #1306
New York, NY 10005
(212) 520-7881
kgrant@grantipattorneys.com

*Attorney for Plaintiff Akilah Hughes*

cc: Wesley Mullen (Via ECF and Email)